UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MONTELL ROBINSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO.:   1:20-cv-2484 |
| | ) |
| THE GEO GROUP, INC., | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I. NATURE OF THE CASE**

1. Plaintiff, Montell Robinson ("Robinson" or "Plaintiff"), by counsel, brings this action against Defendant, The Geo Group, Inc., ("Defendant"), alleging violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et. seq.*

**II. PARTIES**

2. Plaintiff is a resident of the State of Indiana, who at all times relevant to this action resided within the geographical boundaries of the Southern District of Indiana.

3. Defendant routinely conducts business within the geographical boundaries of the Southern District of Indiana.

**III. JURISDICTION AND VENUE**

4. Jurisdiction is conferred on this Court over this subject matter of this litigation pursuant to 28 U.S.C. §1331; 28 U.S.C. §1343; and 42 U.S.C. §2000e-5(f)9e.

5. Defendant is an "employer" as that term is defined by 42 U.S.C. §2000e(b).

1

6. Robinson was an "employee" as that term is defined by 42 U.S.C. §2000e(f).

7. Robinson satisfied his obligation to exhaust his administrative remedies having timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission against Defendant alleging discrimination based on race. Robinson received his Notice of Suit Rights and timely files this action.

8. A substantial part of the events, transactions, and occurrences concerning this case arose in the geographical environs of the Southern District of Indiana; thus, venue is proper in this Court.

## IV. FACTUAL ALLEGATIONS

9. Robinson, African American, began working for Defendant in or around April 15, 2019 as a Correctional Officer.

10. At all relevant times, Robinson met or exceeded Defendant's legitimate performance expectations.

11. From the onset of his employment with Defendant, several of Robinson's co-workers began harassing and threatening him due to his race. Robinson's co-workers encouraged him to report the harassment.

12. On or around April 29, 2019, Robinson engaged in a protected activity when he reported the harassment. Human Resources refused to address his complaints.

13. On or around June 11, 2019, Robinson was terminated due to his attendance. Robinson did not accumulate the attendance points to warrant his termination as understood through Defendant's Policies and Procedures.

14. Defendant's stated reason for termination is pretext for race discrimination and retaliation for engaging in a protected activity.

15. Following Robinson's termination, he received a "lockgate" status from Defendant that prevented him from receiving employment for any other correctional facility in the State of Indiana.

## V. CAUSES OF ACTION

### COUNT I: RACE DISCRIMINATION

16. Robinson hereby incorporates paragraphs one (1) through fifteen (15) of his Complaint as if the same were set forth herein.

17. Defendant violated Robinson's rights and discriminated against him based on his race.

18. Defendant's actions were intentional, willful, and in reckless disregard of Robinson's rights protected by Title VII of the Civil Rights Act of 1964.

19. Robinson suffered damages as a result of Defendant's unlawful actions.

### COUNT II: RETALIATION

20. Robinson hereby incorporates paragraphs one (1) through nineteen (19) of his Complaint as if the same were set forth herein.

21. Robinson engaged in a protected activity under Title VII of the Civil Rights Act of 1964.

22. Defendant terminated Robinson's employment because he engaged in a protected activity.

23. Defendant's actions were intentional, willful, and in reckless disregard of Robinson's rights as protected by Title VII of the Civil Rights Act of 1964.

24. Robinson has suffered damages as a result of Defendant's actions.

## VI. REQUESTED RELIEF

WHEREFORE, Plaintiff, Montell Robinson, by counsel, respectfully requests that this Court find for Plaintiff and:

1. Permanently enjoin Defendant from engaging in any employment policy or practice that discriminates against any employee on the basis of his/her race;

2. Reinstate Plaintiff to the position, salary, and seniority level he would have enjoyed but for Defendant's unlawful employment actions, or award him front pay in lieu thereof;

3. Order that Plaintiff be awarded any back pay he would have earned, including fringe benefits with related money benefits and interests thereon, absent Defendant's unlawful acts;

4. Award Plaintiff compensatory damages for Defendant's violations of Title VII;

5. Award Plaintiff punitive damages for Defendant's violations of Title VII;

6. Award Plaintiff his attorney fees, litigation expenses, and costs incurred as a result of this action;

7. Award Plaintiff pre-and post-judgement interest on all sums recoverable; and

8. Grant such other relief as may be just and proper.

Respectfully Submitted,

BIESECKER DUTKANYCH & MACER, LLC

By: */s/ Andrew Dutkanych III*_____
Andrew Dutkanych III
144 North Delaware Street
Indianapolis, Indiana 46204
Telephone:    (317) 991-4765
Facsimile:    (812) 424-1005
Email:        ad@bdlegal.com
*Attorneys for Plaintiff, Montell Robinson*

## DEMAND FOR JURY TRIAL

Plaintiff, Montell Robinson, by counsel requests a trial by jury on all issues deemed so triable.

Respectfully Submitted,

BIESECKER DUTKANYCH & MACER, LLC

By: */s/ Andrew Dutkanych III*_____
Andrew Dutkanych III
144 North Delaware Street
Indianapolis, Indiana 46204
Telephone:    (317) 991-4765
Facsimile:    (812) 424-1005
Email:        ad@bdlegal.com
*Attorneys for Plaintiff, Montell Robinson*